T.C. Summary Opinion 2008-97


UNITED STATES TAX COURT


DARRIN F. AND PAMELA J. RUCH SUDER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3245-06S.                    Filed August 7, 2008.


<u>Kevin J. Sommar</u>, for petitioners.

<u>Ronald S. Collins, Jr.</u>, for respondent.


THORNTON, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended and in effect for the
year in issue, and Rule references are to the Tax Court Rules of
Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

The issues for decision are: (1) Whether petitioners are entitled to exclude from their 2003 gross income certain proceeds received in settlement of a wrongful termination lawsuit; and (2) whether petitioners are liable for an accuracy-related penalty pursuant to section 6662(a).

## Background

The parties have stipulated some facts, which we incorporate herein. When they petitioned this Court, petitioners resided in Pennsylvania.

In 2000 Pamela J. Ruch Suder (petitioner) was hired as a sales representative for Adelphia Business Solutions (Adelphia). In 2001 Adelphia terminated her employment. Petitioner filed a wrongful termination lawsuit against Adelphia, alleging breach of contract, violation of Pennsylvania wage payment and collection laws, and defamation and seeking compensatory and punitive damages. Pursuant to a settlement, in 2003 Adelphia paid petitioner $41,000, from which she paid $4,967.50 in attorney's fees and costs.

In the general release and settlement agreement, petitioner agreed "to take full responsibility and liability for the payment of any and all taxes related to the aforementioned payment." On their joint 2003 Federal income tax return petitioners excluded

the settlement proceeds from gross income.  In doing so, petitioners did not seek professional tax advice.

In the notice of deficiency respondent determined that the $41,000 settlement proceeds were includable in petitioners' 2003 gross income, resulting in an $11,460 deficiency, and that petitioners were liable for a $2,293 accuracy-related penalty pursuant to section 6662(a).

## Discussion

### Taxability of Settlement Proceeds

Pursuant to section 61(a), gross income generally includes income from all sources, including settlement payments.  See, e.g., Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). As an exception to this general rule, section 104(a)(2) excludes from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness".

Petitioners contend that although petitioner's wrongful termination lawsuit encompassed nontort claims, the settlement proceeds were entirely for defamation, because during the settlement negotiations she abandoned the other claims.  The evidence on this point is inconclusive.  But even if we were to assume, for sake of argument, that the settlement proceeds were entirely for the defamation claim, petitioners cannot prevail.

Petitioners have stipulated that petitioner "did not seek, or receive, monetary damages for physical injury or sickness in the underlying lawsuit." Accordingly, the settlement proceeds are not excludable under section 104(a)(2). See Polone v. Commissioner, 505 F.3d 966 (9th Cir. 2007) (payment for settlement of defamation claim was not excludable under section 104(a)(2)), affg. T.C. Memo. 2003-339.

Appearing tacitly to invoke the short-lived decision in Murphy v. IRS, 460 F.3d 79 (D.C. Cir. 2006), vacated 99 AFTR 2d 2007-396, 2007-1 USTC par. 50,228 (D.C. Cir. 2006), petitioners contend that the settlement proceeds were for "the loss of * * * human capital". Consequently, they contend, petitioner's "award is not income and §104(a)(2) is therefore unconstitutional insofar as it would make the award taxable as income." Petitioners' argument is a nonsequitur. If the settlement proceeds were not includable in gross income under section 61, then the constitutionality of section 104(a)(2) would be irrelevant. As previously discussed, however, the settlement proceeds are includable in gross income under section 61. In any event, petitioners' contentions as to the unconstitutionality of section 104(a)(2) are without merit. See Murphy v. IRS, 493 F.3d 170 (D.C. Cir. 2007); Ballmer v. Commissioner, T.C. Memo. 2007-295; Hawkins v. Commissioner, T.C. Memo. 2007-286.

Respondent concedes that petitioners may deduct $4,967.50 of attorney's fees and costs paid in 2003 in connection with the lawsuit, subject to the 2-percent limitation on itemized deductions pursuant to section 67(a) and alternative minimum tax limitations.

## Section 6662 Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20-percent accuracy-related penalty on any portion of a tax underpayment that is attributable to, among other things: (1) Negligence or disregard of rules and regulations; or (2) any substantial understatement of income tax. Negligence includes failure to make a reasonable attempt to comply with the tax code, to exercise ordinary care in preparing a tax return, or to substantiate items properly on a tax return. Sec. 1.6662-3(b)(1), Income Tax Regs. The evidence shows that petitioners' underpayment is attributable to negligence and disregard of rules and regulations. Moreover, even taking into account respondent's concession, petitioners clearly have a substantial understatement of income tax. Accordingly, respondent has met his burden of production pursuant to section 7491(c).

The section 6662 accuracy-related penalty is inapplicable to the extent the taxpayer has reasonable cause and acted in good faith. Sec. 6664(c)(1). This determination is made considering

all relevant facts and circumstances. Sec. 1.6664-4(b)(1),
Income Tax Regs. "Generally, the most important factor is the
extent of the taxpayer's effort to assess the taxpayer's proper
tax liability." Id. The taxpayer bears the burden of proving
that he or she falls within this exception. Higbee v.
Commissioner, 116 T.C. 438, 447 (2001).

Petitioners contend that they reasonably believed that the
settlement proceeds were excludable from gross income, consistent
with substantial legal authority. Petitioners did not consult
with a professional tax adviser, however; nor, insofar as the
record shows, did they take any other action to ascertain the
correct tax treatment of the settlement payment. Moreover, in
the settlement agreement petitioner agreed to take full
responsibility for any tax liability arising out of the
settlement. Petitioner testified that she believed the
settlement payment was nontaxable because she was involved in a
"lawsuit years and years ago due to a personal injury that was
not taxable." Any such belief as to the nontaxability of a
long-ago personal injury payment does not establish reasonable
cause for petitioners' failure to report the settlement proceeds
at issue here.

Petitioners contend that they received no Form 1099 with
respect to the settlement proceeds. The evidence on this point
is inconclusive; in any event, mere failure to receive a Form

1099 does not establish reasonable cause or good faith. <u>Goode v. Commissioner</u>, T.C. Memo. 2006-48.

We also reject as without merit petitioners' contention that they had substantial authority for excluding the settlement proceeds from gross income.[2] The plain language of section 104(a)(2) limits the exclusion to damages received on account of "personal physical injuries or physical sickness". As previously discussed, petitioners' ill-founded arguments as to the unconstitutionality of section 104(a)(2) have no bearing on the inclusion of the settlement proceeds in gross income pursuant to section 61. We also note that <u>Murphy v. IRS</u>, 460 F.3d 79 (D.C. Cir. 2006), ultimately vacated by the U.S. Court of Appeals for the District of Columbia Circuit, had not been issued when petitioners filed their 2003 return.

To reflect the foregoing and respondent's concession as to the deductibility of attorney's fees and costs,

<u>Decision will be entered under Rule 155</u>.

---

[2] In making this argument, petitioners appear to invoke sec. 6662(d)(2)(B)(i), which provides for a reduction of the amount of understatement of income tax under sec. 6662(b)(2) to the extent the understatement is attributable to the taxpayer's treatment of an item if there is or was substantial authority for such treatment.